**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NORTH FROST CENTER, LTD.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:22-CV-101 |
| | § | |
| **TRAVELERS PROPERTY CASUALTY** | § | |
| **COMPANY OF AMERICA** | § | |
| | § | |
| Defendant | § | |

## DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S NOTICE OF REMOVAL

Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 224th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix filed in support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

### I.
### INTRODUCTION

1. On December 23, 2021, Plaintiff NORTH FROST CENTER, LTD. filed its original petition in the 224th Judicial District Court, Bexar County, Texas captioned *North Frost Center, Ltd. v. Travelers Property Casualty Company of America*, Cause Number 2021CI26003 (the "State Court Action").

2. Citation for the State Court Action was served on Travelers on January 10, 2022.

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiff seeks monetary relief of over $1,000,000.00. *See* Exhibit A-1 at introductory par., page 1. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

5. Plaintiff at the time of the filing of this action was, has been at all times since, and still is a Limited Partnership organized to do business in Texas. *See* Exhibit A-1, page 1. For diversity purposes, the citizenship of a Limited Partnership is determined by the citizenship of all of its members. See *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.,* 435 F.3d 51 (1st Cir. 2006); *Handelsman v. Bedford Village Assocs. Ltd. P'ship,* 213 F.3d 48 (2nd Cir. 2000); *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114 (4th Cir. 2004); *Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed. Appx. 731 (6th Cir. 2002); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265 (7th Cir. 2006); *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827 (8th Cir. 2004); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020 (11th Cir. 2004). The Certificate of Limited Partnership of North Frost Center, LTD shows that the principal office is at 1250 N.E. Loop 410, San Antonio, Texas 78209. *See Exhibit "B"*. This is the same address as the registered agent, Charles O. Biedenharn. *See Exhibit "C"*. Plaintiff's General Partner, NFC Management, Inc., is a Texas Corporation. *See Exhibit "D"*. Plaintiff does not disclose any limited partners in public filings that have been located. However, upon information and belief any such limited partners are Texas residents or alternatively not residents of Connecticut. "Frost" is a well-

known, and long standing Texas banking name, who touts its Texas identity in its advertising. Further, every name associated with Plaintiff in public filings with the Secretary of State is from Texas. For example, each director of the general partner, NFC Management, Inc. is a Texas resident. *See Exhibits "C" and "D"*. Exhaustive research into available public records has revealed no person or entity who is not a Texas resident and citizen. As a result, Plaintiff is a citizen of the state of Texas.

6. Defendant Travelers Property Casualty Company of America at the time of the filing of this action, at the time of this removal, at all relevant times since and is currently, a citizen of the State of Connecticut because it is a Connecticut corporation with its principal place of business in the State of Connecticut.

7. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

8. This Notice of Removal is filed within thirty (30) days after service on Defendant of the State Court Action. This Notice of Removal is also being filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

9. In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 438TH Judicial District Court, Bexar County, Texas.

10. Defendant reserves the right to amend or supplement this Notice of Removal.

11.	The following are included in the Appendix filed contemporaneously with this Notice of Removal:

(a)	an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b)	a copy of the docket sheet in the State Court Action;

(c)	a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(d)	a separately filed Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court.

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully requests that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: February 7, 2022

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

By: *[signature]*
ROBERT F. SCHEIHING
State Bar No. 17736350
bscheihing@brock.law

ATTORNEYS FOR DEFENDANT

1980-664-03

## **CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 7th day of February, 2022:

Robert W. Loree
Loree &Lipscomb
777 East Sonterra Blvd., Suite 320
San Antonio, Texas 78258
rob@lhllawfirm.com

                                         ROBERT F. SCHEIHING